Yanri **SUBEKTI**, Anies Dharmawati, Petitioners,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 08–1204–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2008.

Sokol Braha, Esq., New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Stephen J. Flynn, Senior Litigation Counsel; Thomas B. Fatouros, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Present JOSEPH M. McLAUGHLIN, GUIDO CALABRESI, and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioners Yanri Subekti and Anies Dharmawati, both natives and citizens of Indonesia, seek review of a February 15, 2008 order of the BIA denying their motion to reopen. *In re Yanri Subekti, Anies Dharmawati*, Nos. A97 152 404, 405 (B.I.A. Feb. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are " 'disfavored.' " *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).

We conclude that the BIA did not abuse its discretion in denying petitioners' motion to reopen, whether on the ground that petitioners' new evidence failed to demonstrate their *prima facie* eligibility for relief, or on the basis that such evidence did not demonstrate the requisite change in country circumstances such as to permit consideration of their otherwise time—and numerically-barred motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The evidence advanced by petitioners essentially duplicated the information they had previously presented before the BIA and IJ, which consisted of evidence suggesting that Subekti had been repeatedly threatened by his father's political rivals. The new evidence thus failed to show a material change[1] in country circumstances, 8 C.F.R. § 1003.2(c)(3)(ii), and further failed to undercut the agency's prior determination that similar evidence was inadequate to establish petitioners' entitlement to the relief sought.

Petitioners further submit that the BIA abused its discretion in refusing to permit reopening based on their counsel's ineffectiveness. We disagree. Given that petitioners were aware of counsel's purported ineffectiveness as of July 2005, the BIA correctly noted and relied upon petitioners' failure adequately to explain why they waited over two years to raise that claim. *See Cekic v. INS*, 435 F.3d 167,

---

1. We reject petitioners' argument that the BIA imposed a higher standard by referring to a "major," as opposed to "material," change in country circumstances. Under either formulation, petitioners failed to meet their burden, especially where the purported "change" adduced was in the nature of *personal*, rather than *country*, circumstances. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 151, 156 (2d Cir.2008).

170–71 (2d Cir.2006) (deferring to BIA denial of motion to reopen where aliens raised ineffective-assistance-of-counsel claim two years after they should have discovered it); *Iavorski v. INS,* 232 F.3d 124, 134–35 (2d Cir.2000) (same).[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** Petitioners' contention that they raised such a claim in their first motion to reopen is unsupported. Their moving papers did not advance that argument as a ground for reopening. The suggestion, instead, was embedded in a supporting affidavit referring to a different issue—*i.e.,* why certain evidence was previously unavailable.